JOHN A. WOJCIAK AND ANOTHER v. ARTHUR E. ANDERSON AND OTHERS.

204 N. W. 2d 440.

February 2, 1973—No. 43308.

*Lawrence R. Commers* and *Edgar H. Rex, Jr.,* for appellants.

*Thomas Gallagher* and *Bruce W. Okney,* for respondents Anderson, Anderson, Bjornlie, and Agricultural Insurance Company.

*John G. Bell,* for respondent village.

*Altman, Geraghty, Mulally & Weiss* and *Judd S. Mulally,* for respondent Copeland.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Schulz, JJ.

PER CURIAM.

Plaintiffs appeal from an order of the district court dated June 29, 1971, denying their motion to reconsider a previous order amending findings of fact and conclusions of law and granting defendants' motion for a new trial on condition of plaintiffs' nonacceptance of a remittitur of the damages awarded plaintiffs.

Plaintiffs' action sought damages for alleged fraudulent misrepresentation on the part of defendants Arthur E. Anderson and Doris M. Anderson (vendors of real property), Wallace M. Bjornlie (their real estate broker), and Agricultural Insurance Company (the broker's surety) and for the alleged negligence of defendant village of New Brighton and its village attorney, defendant Perry Copeland, arising out of plaintiffs' purchase of a platted lot of real estate upon which they desired to build a dwelling house. A jury returned a comprehensive special verdict awarding plaintiffs $9,367.50 damages upon findings of fraudulent representations in the sale of the lot by defendants Anderson and Bjornlie and negligence on the part of defendant village and Copeland in failing to record a utility easement granted by defendants-vendors to the village shortly before the sale. The trial court entered appropriate findings of fact, conclusions of law, and order for judgment upon the special verdict. Upon timely motion by defendants Anderson, Bjornlie, and Agricultural for judgment notwithstanding the verdict or in the alternative for a new trial, the trial court amended only the findings and conclusions regarding the amount of damages sustained and granted defendants' motion for a new trial unless plaintiffs would consent to a remittitur reducing the total damages to $1,367.50. Plaintiffs thereafter filed a motion for reconsideration of that order and for reinstatement of the court's original findings and order for judgment. It is from a denial of this motion that plaintiffs seek to appeal.

554

Although the court's post-trial orders included no time period within which plaintiffs were required to consent to the remittitur, viewing the procedural record most favorably to plaintiffs, we must treat their appeal as a refusal to accept the reduced award and thus as an attempt to appeal from the order granting a new trial. As such, the order is non-appealable of right because the trial court has not expressly stated that "the order is based exclusively upon errors of law occurring at the trial, and upon no other ground." Rule 103.03(e), Rules of Civil Appellate Procedure.

As we read the record, the underlying reason for the court's order granting a new trial if plaintiffs do not agree to the remittitur is a determination that the evidence is insufficient to support an award for any after-discovery-of-fraud damages, either as reasonably and necessarily incurred in a bona fide effort to mitigate damages or as flowing naturally and proximately from the negligence of defendants Copeland and the village. Since such evidentiary evaluation is clearly within the court's discretion, and plaintiffs have acknowledged that by this appeal they do not seek any change in our out-of-pocket rule governing the measure of damages in actions based upon fradulent representations, we find no justification for exercising discretionary review. Accordingly, we dismiss plaintiffs' appeal and remand the case for a new trial unless plaintiffs, after remand and with leave of the trial court, file their acceptance of the reduced award.

Appeal dismissed and case remanded without allowance of costs or disbursements to defendants.